856 F.2d 197
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronnie Glenn STOCKTON, Defendant-Appellant.
 No. 87-1527.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1988.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and HERMAN J. WEBER, District Judge.[1]
 PER CURIAM.
 
 
 1
 Defendant, Ronnie Glenn Stockton, was convicted by a jury in the United States District Court for the Eastern District of Michigan, of conspiring to receive and possess goods stolen from a foreign shipment in violation of 18 U.S.C. Secs. 371 and 659. Defendant appeals claiming that there was insufficient evidence to support the guilty verdict. Because we find that the evidence supports the jury's verdict, we AFFIRM.
 
 
 2
 Defendant was charged with conspiring to steal a trailer loaded with scrap batteries, which he then intended to sell. The standard of review for claims of insufficient evidence is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985), cert. denied, 474 U.S. 1068 (1986), citing Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In conspiracy cases, a "court need not inquire into the individual culpability of a particular conspirator, so long as the substantive crime was a reasonably foreseeable consequence of the conspiracy." United States v. Alvarez, 755 F.2d 830, 849-50 (11th Cir.), cert. denied, 474 U.S. 905 (1985); accord United States v. Gallo, 763 F.2d at 1519, n. 22.
 
 
 3
 Defendant argues that the evidence against him was insufficient in two ways. First, he claims that there was insufficient evidence to show that he was in constructive possession of the trailer at any time. This contention is without merit. The government introduced testimony of Gene Buckles that defendant had told him that he had taken both the truck and the trailer. Joint Appendix at 35. Also, Mr. Emler testified that defendant had told him that he had taken the trailer to Bulmon's yard. Id. at 86. Emler also heard Bulmon tell Stockton to get his trailer out of Bulmon's yard. Id. at 88. This evidence was sufficient for a jury to find that Stockton had constructive possession of the trailer. Moreover Bulmon, defendant's co-conspirator, clearly had constructive possession of the trailer, which is attributable to defendant.
 
 
 4
 Defendant also claims that the evidence was insufficient to prove that the trailer was part of interstate or foreign commerce, which is a necessary element of the crime. Defendant acknowledges that one way to show that the goods were destined for foreign commerce is to demonstrate the existence of shipping documents. In this case, the government introduced evidence that the lawful owner of the trailer never sold these products in the State of Michigan, joint appendix at 21, and that this trailer was loaded on the day it was stolen, with all of the paperwork and customs documents in the cab of the truck. Id. at 15. This evidence is sufficient despite the testimony of a driver for the owner's company that it was common practice for the owner to leave the documentation in an office and not in the cab. It was clearly within the jury's rights to weigh such evidence and reach the conclusion it did in this case. Accordingly the judgment of conviction is AFFIRMED.
 
 
 
 [1]
 The Honorable Herman J. Weber, U.S. District Court for the Southern District of Ohio, sitting by designation